UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT EVANSVILLE

| | |
|---|---|
| K. C. JAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-cv-0090-DFH-WGH |
| ) | |
| PROFESSIONAL CONSULTANTS, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now the Defendant, Professional Consultants, Inc. (hereinafter "Defendant" or "PCI"), by counsel, and submits herewith its Answer to Plaintiff's Complaint as follows:

### COUNT I:  TITLE VII – RACE DISCRIMINATION, NATIONAL ORIGIN DISCRIMINATION AND RETALIATION

**COMPLAINT PARAGRAPH NO. 1:**   This action is brought under the provisions of §§ 703, 704 and 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as most recently amended under the Civil Rights Act of 1991, and under 28 U.S.C. §§ 1331 and 1343 to redress and enjoin unlawful employment practices.

**ANSWER:**  Defendant admits Plaintiff is pursuing a cause of action under the provisions of §§703, 704 and 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as most recently amended under the Civil Rights Act of 1991, and under 28 U.S.C. §§ 1331 and 1343.  Defendant denies that it violated any of these laws.

**COMPLAINT PARAGRAPH NO. 2:**   Plaintiff K.C. Jain is and has been at all times relevant hereto a resident of this judicial district.

**ANSWER:**  Defendant is without sufficient knowledge to admit or deny the allegations in rhetorical paragraph 2 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 3:**  Defendant Professional Consultants, Inc. (hereafter PCI) is now and at all times relevant hereto has been a corporation organized and doing business under the laws of the State of Indiana and has an operation in this judicial district located in Evansville, Indiana.  At all relevant times, PCI has been an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(b).

**ANSWER:**  Defendant admits the allegations in rhetorical paragraph 3 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 4:**  At all times mentioned herein, Defendant has been engaged in an industry affecting commerce and has employed more than 50 persons.

**ANSWER:**  Defendant admits the allegations in rhetorical paragraph 4 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 5:**  Plaintiff dual filed a charge of race discrimination and national origin discrimination with the Evansville Vanderburgh County Human Relations Commission on or about August 19, 2004, Docket No. 04-065, and with the Equal Employment Opportunity Commission (EEOC) on September 1, 2004.  The EEOC Charge was docketed as No. 240200409360.  Plaintiff attaches to this Complaint, as Exhibit A, a copy of that charge and incorporates the substance and facts alleged in the charge into this Complaint.  On or about December 1, 2004, Plaintiff amended his charge of race discrimination and national origin discrimination to add the charge of retaliation.  Plaintiff attaches to this Complaint, as Exhibit B, a copy of that amendment and incorporates the substance and acts alleged in the amendment into

this Complaint.

**ANSWER:** Defendant admits that attached to Plaintiff's Complaint as Exhibit "A" is a copy of the charge of race discrimination and national origin discrimination he filed with the Evansville Vanderburgh County Human Relations Commission on or about August 19, 2004, Docket No. 04-065, and with the Equal Employment Opportunity Commission (EEOC) on September 1, 2004. Defendant denies each and every allegation in that charge of discrimination. Defendant admits that attached to Plaintiff's Complaint as Exhibit "B" is a document entitled "Evansville Human Relations Commission Amendment To Complaint Of Discrimination" that was apparently signed by the Plaintiff on or about December 1, 2004. Defendant denies the substance and alleged acts of discrimination in that stated amendment.

**COMPLAINT PARAGRAPH NO. 6:** On or about February 12, 2005, Plaintiff received from the EEOC a Notice of Right to Sue on Charge No. 240200409360, a copy of which is attached to this Complaint as Exhibit C.

**ANSWER:** Defendant admits that attached to Plaintiff's Complaint as Exhibit "C" is the EEOC Notice of right to Sue on Charge No. 240200409360 signed by Director Danny G. Harter on or about February 9, 2005. Defendant is without sufficient knowledge to admit or deny when Plaintiff received this Notice from the EEOC.

**COMPLAINT PARAGRAPH NO. 7:** All administrative prerequisites to this action have been satisfied.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny this allegation at this time.

**COMPLAINT PARAGRAPH NO. 8:** All conditions precedent to the institution of this

action have been met.

**ANSWER:**  Defendant is without sufficient knowledge to admit or deny this allegation at this time.

**COMPLAINT PARAGRAPH NO. 9:**  Plaintiff was discriminated against from at least 1999 with respect to unequal treatment on account of his race and national origin, Indian.  PCI and agents thereof intentionally and continuously denied Plaintiff treatment and privileges afforded similarly-situated white employees.  Specifically, as a result of the discriminatory treatment Plaintiff received, he suffered unsatisfactory working conditions and the loss of his position.

**ANSWER:**  Defendant denies the allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 10:**  Plaintiff lost pay and benefits attendant thereon when he lost his job.

**ANSWER:**  Defendant is unsure of the import of Plaintiff's allegation in rhetorical paragraph 10 of his Complaint.  Obviously, when Plaintiff's job was eliminated, after a period of time, he no longer received pay and benefits from Defendant.  However, Defendant denies that the elimination of Plaintiff's job and his resulting termination of employment was the result of any discrimination in violation of any law cited by Plaintiff.

**COMPLAINT PARAGRAPH NO. 11:**  When Plaintiff protested the presence of discrimination in his work environment and opposed being treated differently from and worse than similarly situated white employees, he was punished with the loss of his position with PCI..

**ANSWER:**  Defendant denies the allegation in rhetorical paragraph 11 of Plaintiff's

Complaint.

**COMPLAINT PARAGRAPH NO. 12:** The intentional, continuous and willful discrimination and retaliation to which Plaintiff was subjected on account of his race and national origin, Indian, was a result of Defendant's long-term decisionmaking process including, but not limited to, the following:

- A. Plaintiff worked for Defendant PCI from January 1994 to June 22, 2004 as Marketing Director. Under Plaintiff's leadership and direction PCI's yearly revenue increased from Two Million Dollars to over Seven Million Dollars while the number of PCI employees increased from approximately twenty to over sixty.

- B. Plaintiff has resided in the United States for over 30 years.

- C. Despite Plaintiff's demonstrated success in his position, including but not limited to earning and retaining the business of numerous important PCI clients, Plaintiff was falsely accused by Defendant's General Manager in late May or early June 2004 of not being able to speak the English language clearly. At this time Defendant's General Manager threatened to remove Plaintiff from a client's project on account of alleged complaints that Plaintiff could not be understood when he spoke.

- D. Shortly thereafter, pursuant to PCI policy, Plaintiff met with Defendant's General Manager and voiced his concern about the discrimination he was being subjected to. Plaintiff's opposition to the discrimination he was subject to was characterized by PCI management as "insubordination."

- E. Defendant terminated Plaintiff from his position with PCI approximately two

    weeks later.

  F.  Defendant has attempted to justify Plaintiff's termination as being the result of a "reorganization." The use of a "SWOT matrix," by Defendant to justify Plaintiff's termination was patently discriminatory as well as pretextual. PCI did not give Plaintiff fair and adequate consideration for any position "created" by the alleged reorganization.

  G.  During his tenure with Defendant, Plaintiff performed his job in an objectively excellent manner and earned the loyalty of many PCI clients. Several clients stated to Plaintiff that they would not have returned to PCI but for Plaintiff's efforts to attend to their concerns. Many of these clients have indicated to Plaintiff, both during his employment with PCI and since the end of his employment with PCI, that they did business with PCI on account of Plaintiff's skill, knowledge, ability, demeanor and professional excellence.

  H.  During his tenure with PCI, Plaintiff was the only foreign born non-Caucasian employee of PCI.

  **ANSWER:** Defendant denies the allegations of paragraph 12 (A-H) of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 13:** As a result of the discrimination and retaliation perpetrated against Plaintiff by Defendant and Defendant's agents Plaintiff was subjected to unsatisfactory working conditions, the eventual loss of his job and a loss of pay and fringe benefits attendant thereon.

  **ANSWER:** Defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 14:**   As a result of Defendant's behavior toward Plaintiff, Plaintiff lost the investment of more than ten years of his professional life and has also suffered the non-economic injury of emotional, mental and physical pain and suffering caused thereby.

   **ANSWER:**  Defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 15:**   As a result of the discrimination against Plaintiff, he has suffered pain of mind and body.

   **ANSWER:**  Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 16:**   Because of the intentional or willful or reckless behavior of Defendant, Plaintiff is entitled to exemplary damages.

   **ANSWER:**  Defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 17:**   Absent injunctive and declaratory relief, Defendant's discriminatory practices will continue unabated.

   **ANSWER:**  Defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 18:**   Plaintiff is entitled to be made whole respecting the terms, conditions and privileges of his employment.

   **ANSWER:**  Defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 19:**   Plaintiff is entitled to recover punitive damages on account of the intentional nature of PCI's continuing conduct and because PCI's actions were taken with the intent to injure Plaintiff or in reckless disregard of the effect such actions would have on Plaintiff.

   **ANSWER:**  Defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

### COUNT II:   42 U.S.C. §§ 1981 AND 1981A

**COMPLAINT PARAGRAPH NO. 1:**      This action arises and the jurisdiction of this Court is brought under the provisions of 42 U.S.C. §§ 1981 and 1981A, and 28 U.S.C. §§ 1331 and 1343 to redress and enjoin unlawful employment practices by Defendant Professional Consultants, Inc. (hereafter PCI).

**ANSWER:**  Defendant admits the Plaintiff states that his action arises and the jurisdiction of this Court is brought  under the provisions of 42 U.S.C. §§ 1981 and 1981A, and 28 U.S.C. §§ 1331 and 1343.  Defendant denies that it engaged in any unlawful employment practices against Plaintiff.

**COMPLAINT PARAGRAPH NO. 2:**      Plaintiff K. C. Jain is a citizen of color of the United States and is a resident of Vanderburgh County, Indiana.

**ANSWER:**  Defendant is without sufficient knowledge to admit or deny the allegations in rhetorical paragraph 2 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 3:**      Defendant PCI is now and at all times relevant hereto has been a corporation organized and doing business under the laws of the State of Indiana and has an operation in this judicial district located in Evansville, Indiana.

**ANSWER:**  Defendant admits the allegations of rhetorical paragraph 3 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 4:**      PCI has violated 42 U.S.C. §§ 1981 and 1981A by intentionally failing to contract with Plaintiff on account of his race and color by virtue of its intentional failure to provide to Plaintiff opportunities and working conditions equal to those provided for white employees, as well as the opportunity for continued employment which was

equal to those provided to white employees.

**ANSWER:**  Defendant denies the allegations of rhetorical paragraph 4 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 5:**  Plaintiff was employed by PCI from 1994 to June 22, 2004, the date of PCI's termination of Plaintiff's employment.

**ANSWER:**  Defendant admits Plaintiff was employed by Defendant from 1994 until June 22, 2004, at which time his job was eliminated and his employment terminated.

**COMPLAINT PARAGRAPH NO. 6:**  During his tenure as Marketing Director, PCI intentionally discriminated against Plaintiff on account of his color, brown, with respect to the terms and conditions of his contract of employment and by denying Plaintiff opportunities equal to those provided for white employees.  PCI's long-term decisionmaking process subjected Plaintiff to a denial of continued employment to which similarly situated white employees were not subject.

**ANSWER:**  Defendant denies the allegations of rhetorical paragraph 6 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 7:**  The discrimination on account of Plaintiff's race and color, brown, to which Plaintiff was intentionally subjected with respect to the conditions and privileges of his employment includes, but are not limited to, the following:

    A.    Plaintiff worked for Defendant PCI from January 1994 to June 22, 2004 as Marketing Director.  Under Plaintiff's leadership and direction PCI's yearly revenue increased from Two Million Dollars to over Seven Million Dollars while the number of PCI employees increased from approximately twenty to over sixty.

B.  Plaintiff has resided in the United States for over 30 years.

C.  Despite Plaintiff's demonstrated success in his position, including but not limited to earning and retaining the business of numerous important PCI clients, Plaintiff was falsely accused by Defendant's General Manager in late May or early June 2004 of not being able to speak the English language clearly.  At this time Defendant's General Manager threatened to remove Plaintiff from a client's project on account of alleged complaints that Plaintiff could not be understood when he spoke.

D.  Shortly thereafter, pursuant to PCI policy, Plaintiff met with Defendant's General Manager and voiced his concern about the discrimination he was being subjected to.  Plaintiff's opposition to the discrimination he was subject to was characterized by PCI management as "insubordination."

E.  Defendant terminated Plaintiff from his position with PCI approximately two weeks later.

F.  Defendant has attempted to justify Plaintiff's termination as the result of a "reorganization."  The use of a "SWOT matrix," by Defendant to justify Plaintiff's termination was patently discriminatory as well as pretextual.  PCI did not give Plaintiff fair and adequate consideration for any position "created" by the alleged reorganization.

G.  During his tenure with PCI, Plaintiff performed his job in an objectively excellent manner and earned the loyalty of many PCI clients.  Several clients stated to Plaintiff that they would not have returned to PCI but for Plaintiff's efforts to

        attend to their concerns. Many of these clients have indicated to Plaintiff, both during his employment with PCI and since the end of his employment with PCI, that they did business with PCI on account of Plaintiff's skill, knowledge, ability, demeanor and professional excellence.

    H.    During his tenure with PCI, Plaintiff was the only foreign born non-Caucasian employee of PCI.

**ANSWER:** Defendant denies the allegations contained in rhetorical paragraph 7 (A-H) of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 8:**    In acting intentionally as set out above, PCI and its white agents discriminated against Plaintiff by denying Plaintiff the benefits, privileges, terms and conditions of his employment equal to those of white employees.

**ANSWER:** Defendant denies the allegations contained in rhetorical paragraph 8 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 9:**    The discrimination against Plaintiff has denied Plaintiff continued employment and the benefits attendant thereon. Plaintiff is entitled to be made whole respecting the terms, conditions and privileges of his employment. Having no plain, adequate or complete remedy at law to redress these wrongs, this action seeking injunctive and declaratory relief as well as damages is Plaintiff's only means of securing adequate relief.

**ANSWER:** Defendant denies the allegations contained in rhetorical paragraph 9 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 10:**    As a result of the intentional and unlawful conduct of PCI and its agents with respect to unequal treatment on account of color and retaliation as set

out herein, Plaintiff has suffered mental, emotional and physical distress and is entitled to an award of general compensatory damages in an amount to be proved at trial.

**ANSWER:**  Defendant denies the allegations contained in rhetorical paragraph 10 of Count II of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 11:**   Plaintiff is entitled to recover punitive damages on account of the intentional nature of PCI's continuing conduct and because PCI's actions were taken with the intent to injure Plaintiff or in reckless disregard of the effect such actions would have on Plaintiff.

**ANSWER:**  Defendant denies the allegations contained in rhetorical paragraph 11 of Count II of Plaintiff's Complaint.

### COUNT III:   AGE DISCRIMINATION IN EMPLOYMENT ACT

**COMPLAINT PARAGRAPH NO. 1:**    This action arises and is instituted pursuant to § 4(a) [29 U.S.C. § 623] and § 7 [ 29 U.S.C. § 626] of the Age Discrimination in Employment Act of 1967, as amended (ADEA) [29 U.S.C. § 621, et seq.]; § 16(b) [29 U.S.C. § 216(b)] of the Fair Labor Standards Act (FLSA) [29 U.S.C. § 201, et seq.].

**ANSWER:**  Defendant admits Plaintiff has alleged that this action arises and is instituted pursuant to § 4(a) [29 U.S.C. § 623] and § 7 [ 29 U.S.C. § 626] of the Age Discrimination in Employment Act of 1967, as amended (ADEA) [29 U.S.C. § 621, et seq.]; § 16(b) [29 U.S.C. § 216(b)] of the Fair Labor Standards Act (FLSA) [29 U.S.C. § 201, et seq.].  Defendant denies that it violated any of these laws.

**COMPLAINT PARAGRAPH NO. 2:**    Plaintiff is and has been at all times relevant hereto a resident of this judicial district.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations contained in rhetorical paragraph 2 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 3:** At all times relevant hereto, Plaintiff has been over the age of forty; Plaintiff's date of birth is December 25, 1941; Plaintiff is 63 years of age.

**ANSWER:** Defendant admits that if Plaintiff's birthday is December 25, 1941, at all relevant times hereto he has been over the age of 40.

**COMPLAINT PARAGRAPH NO. 4:** Defendant Professional Consultants, Inc. (hereafter PCI) is now and at all times relevant hereto has been a corporation organized and doing business under the laws of the State of Indiana and has an operation in this judicial district located in Evansville, Indiana.

**ANSWER:** Defendant admits the allegations contained in rhetorical paragraph 4 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 5:** At all times relevant hereto PCI has been engaged in an industry affecting commerce and has had more than 20 employees.

**ANSWER:** Defendant admits the allegations contained in rhetorical paragraph 5 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 6:** Plaintiff worked for PCI from January 1994 to June 22, 2004.

**ANSWER:** Defendant admits the allegations contained in rhetorical paragraph 6 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 7:** PCI committed the unlawful, intentional and willful practices and acts alleged herein against Plaintiff in this judicial district.

**ANSWER:**  Defendant denies the allegations contained in rhetorical paragraph 7 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 8:**  Plaintiff dual filed a charge of race discrimination and national origin discrimination with the Evansville Vanderburgh County Human Relations Commission on or about August 19, 2004, Docket No. 04-065, and with the Equal Employment Opportunity Commission (EEOC) on September 1, 2004.  The EEOC Charge was docketed as No. 240200409360.  Plaintiff attaches to this Complaint, as Exhibit A, a copy of that charge.  On or about August 19, 2004, Plaintiff amended his charge to add age as a basis for discrimination.  Plaintiff attaches to this Complaint, as Exhibit D, a copy of that amendment and incorporates it into this Complaint.

**ANSWER:**  Defendant admits that attached to Plaintiff's Complaint as Exhibit "A" is a copy of the charge of race discrimination and national origin discrimination he filed with the Evansville Vanderburgh County Human Relations Commission on or about August 19, 2004, Docket No. 04-065, and with the Equal Employment Opportunity Commission (EEOC) on September 1, 2004.  Defendant denies each and every allegation in that charge of discrimination.  Defendant admits Exhibit "D" to his Complaint is a document he signed on or about November 26, 2004, entitled "Evansville Human Relations Commission Amendment To Complaint Of Discrimination" purporting to amend his charge to add age as a basis for discrimination.  Defendant denies the substance and alleged acts of discrimination in that stated amendment and otherwise denies the remaining allegations contained in rhetorical paragraph 8 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 9:**  All conditions precedent to the institution of this

action have been met.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny this allegation.

**COMPLAINT PARAGRAPH NO. 10:** Plaintiff was discriminated against by PCI on account of his age.

**ANSWER:** Defendant denies the allegation contained in rhetorical paragraph 10 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 11:** Plaintiff has continually been discriminated against since 1999 with respect to unequal treatment on account of his age.

**ANSWER:** Defendant denies the allegation contained in rhetorical paragraph 11 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 12:** The intentional, continuous and willful discrimination and retaliation to which Plaintiff was subjected on account of his age is specified in large part in the attached, incorporated administrative charge of discrimination and was a result of PCI's long-term decisionmaking process which continued until Plaintiff's termination.

**ANSWER:** Defendant denies the allegation contained in rhetorical paragraph 12 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 13:** The actions of PCI and its agents as recounted above constitutes discrimination on account of age and was the result of PCI's long-term decisionmaking process.

**ANSWER:** Defendant denies the allegation contained in rhetorical paragraph 13 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 14:** As a result of the discriminatory treatment against

Plaintiff on account of his age, Plaintiff has suffered lost pay and benefits attendant thereon including, but not limited to, pension and professional prestige as well as the opportunity for employment.

**ANSWER:**  Defendant denies the allegation contained in rhetorical paragraph 14 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 15:**  The acts of PCI described herein are unlawful under the Age Discrimination in Employment Act and Fair Labor Standards Act.

**ANSWER:**  Defendant denies the allegation contained in rhetorical paragraph 15 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 16:**  The acts described herein are intentional.

**ANSWER:**  Defendant denies the allegation contained in rhetorical paragraph 16 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 17:**  The acts of PCI herein are willful and wanton.

**ANSWER:**  Defendant denies the allegation contained in rhetorical paragraph 17 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 18:**  Plaintiff has sustained a loss of income and fringe benefits as a result of the intentional and willful acts of PCI set out above in an amount to be proved at trial.

**ANSWER:**  Defendant denies the allegation contained in rhetorical paragraph 18 of Count III of Plaintiff's Complaint.

**COMPLAINT PARAGRAPH NO. 19:**  Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged above, and this action seeking injunctive relief as well as

damages is his only means of securing adequate relief. As a result of the willful and unlawful acts of PCI as set out herein, Plaintiff has suffered irreparable damage.

**ANSWER:** Defendant denies the allegations contained in rhetorical paragraph 19 of Count III of Plaintiff's Complaint.

## DEFENDANT'S GENERAL DENIAL

Defendant specifically controverts each and every one of Plaintiff's claims and prayers for relief and states that the Plaintiff should take nothing by way of his Complaint, that judgment should be entered in favor of Defendant and for such other further relief as is just and proper.

## AFFIRMATIVE DEFENSES

Defendant, by counsel, and for its Affirmative Defenses to the Complaint of the Plaintiff states as follows:

**First Affirmative Defense:** Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense:** All actions and conduct of defendant were undertaken for legitimate non-discriminatory business reasons or based upon a good faith belief that any such actions or conduct were undertaken for non-discriminatory legitimate business reasons.

**Third Affirmative Defense:** Some of Plaintiff's claims may be untimely, specifically his claim of retaliation and age discrimination.

**Fourth Affirmative Defense:** Certain of the allegations contained in Plaintiff's Complaint are barred because Plaintiff has failed to exhaust his administrative remedies and said allegations exceed the scope of the administrative charge on which this action is based.

Defendant reserves the right to amend its Answer to add any additional defenses that

cannot yet be discerned until the completion of discovery in this matter.

**WHEREFORE**, the Defendant, by counsel, respectfully requests that the Complaint of Plaintiff be dismissed in its entirety and with prejudice, that Plaintiff be denied each and every item of relief requested in his Complaint and that Defendant be awarded its costs, attorneys fees and other expenses incurred in defending this matter and grant such other and further relief as the Court deems just and proper

Respectfully submitted,

s/ Wm. Michael Schiff
Wm. Michael Schiff

s/ Mary Lee Schiff
Mary Lee Schiff
Ziemer, Stayman, Weitzel & Shoulders, LLP
P.O. Box 916
Evansville, IN  47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5076
E-mails: mschiff@zsws.com ; lschiff@zsws.com

**CERTIFICATE OF SERVICE**

      I certify that on the 23rd day of June, 2005, a copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kevin S. Kinkade
123 N.W. Fourth Street, Suite 706
Evansville, IN   47708
fslpevansville@hotmail.com

Virginia M. O'Leary
O'LEARY & ASSOCIATES
251 North Main Street
Oakland City, IN   47660
oleary@gibsoncounty.net

                                  s/ Mary Lee Schiff
                                  Mary Lee Schiff
                                  Ziemer, Stayman, Weitzel & Shoulders, LLP
                                  P.O. Box 916
                                  Evansville, IN  47706-0916
                                  Telephone:      (812) 424-7575
                                  Facsimile:       (812) 421-5076
                                  E-mail:  lschiff@zsws.com